[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' D. W. FISH REALTYCOMPANY AND THOMAS FERGUSON, MOTION TO STRIKE
The defendants, D. W. Fish Realty Company and Thomas Ferguson move to strike the Eighth Count of the amended complaint on the grounds that the allegations therein are legally insufficient to state a cause of action against them.
This case arises out of the purchase by the plaintiffs of a residence in Coventry. Following the purchase the plaintiffs claim they discovered a number of undisclosed defects involving the septic system, plumbing and foundation of the premises. Based on these alleged defects the plaintiffs brought suit against multiple defendants.
The Eighth Count of the amended complaint is directed at the two moving defendants in this motion, the real estate agent and the agency alleging that D.W. Fish Realty and Ferguson were the seller's agents who showed the house to the plaintiffs.
The Motion to Strike claims that the Eighth Count asserts a cause of action for negligent misrepresentation and that, since there is no allegation that these defendants made any affirmative representations to the plaintiffs, the allegations are legally insufficient.
The Court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580 (1997).
A reading of the Eighth Count, however, does not allege facts to support a claim of negligent misrepresentation.
That Count alleges that the sellers (Bates) made false representations. It alleges that these defendants knew or should have known the representations were false; that they knew or should have known there were serious defects in the premises; and that these defendants were negligent in failing to use the degree of care which a real estate agent of ordinary prudence would have used.
This count sounds in negligence, not in negligent CT Page 13703 misrepresentation.
These defendants also argue that the original complaint (Sixth Count) specifically alleged negligent misrepresentation and that the plaintiffs cannot change the cause of action without Court approval.
These defendants moved to revise the Sixth Count on the grounds they could not determine specifically the claims against them. The revised or amended complaint was filed in response. In any event, in the original complaint while the Sixth Count is entitled "Negligent Misrepresentation", the facts alleged clearly state a cause of action in negligence using substantially the same wording in the amended complaint. (The incorrect title designation was, however, omitted in the Revised Complaint).
Lastly, the defendants claim they had no duty to disclose defects to the plaintiffs. The short answer is, they may have, if they deviated from a reasonable standard of care knowing what they knew, or should have known could forseeably cause harm from their act or failure to act. Coburn v. Lenox Homes.Inc., 186 Conn. 370, 375 (1982). See also Hopperstad v.The Inspector, 3 Conn. OPS. 913, Tolland JD (8/18/97).
The Motion to Strike the Eight Count of the Revised Complaint is denied.
Klaczak J.